SEP 1 2 2022

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

STEPHEN P. KELLY,
General Delivery.
U.S. Post office.
Helena, MT 59601,
    Plaintiff,

VS.

CITY OF HELENA POLICE DEPARTMENT, a
city law enforcement entity,
BRETT PETTY, in his official
capacity, and BERKLEY CONRAD,

(1)

his official capacity, 406
FULLER Ave., Helena, MT 59601,
   Defendant (S).


## COMPLAINT FOR DECLARATORY JUDGEMENT, and INJUNCTIVE RELIEF, and PRELIMINARY and EMERGENCY INJUNCTION

   Comes now the plaintiff in
the above styled action and does
show cause for complaint as
follows:

   (1) This is an action sustained
by, STEPHEN P. KELLY, hereinafter,
plaintiff KELLY, and sues the
defendant's jointly, and in
their official capacities, CITY
OF HELENA POLICE DEPARTMENT,
a city law enforcement entity,
BRENT PETTY , in his official
capacity, and BERKLEY CONRAD, in

(2.)

his official capacity, alleging:
(A) Abuse of authority, (B) cruel
and unusual treatment, and,
(C) interference with a federal
ruling.

PARTIES

(2) Plaintiff STEPHEN P. KELLY, is
a part time resident of Helena
Montana, and is a homeless
citizen upon the temporary
aspects, and is clearly situated in
two related cases already ruled
upon by the U.S. Ninth cir. court
of appeals in the matters of;
(a) Martin, v. city of Boise, and, (b)
Garcia, v. city of Los Angeles.

(3) Plaintiff KELLY, resides in
the State of Iowa, and is homeless,
and resides, and camps on the
city sidewalk's, and within
city parks, in Helena Montana,

Upon such time at which he attends Helena for a two week time period sufficing cardiac medical treatment at which he had already commenced back in Helena far prior to relocating to Iowa.

(4) KELLY, while in Helena clearly obtains no other option other to camp and sleep upon a city sidewalk, or within a city park now protected against a city of Helena anti-camping ordinance by the Ninth Cir. rulings!!

(5) Governmental defendant's, the city of Helena Police Department, exists as a Local Law enforcement entity, in Lewis and Clark County Montana, and is charged by Statute in which to enforce any and all State

(4)

and federal Legislations, and
any final Judicial rulings, where
in this concise case here, the
Ninth cir. ruling!

(6) capacity defendant, BRETT
PETTY, acts in his official
capacity as chief of police for
the city of Helena, and is charged
by statute in which to enforce
any and all Legislations, state
and federal and any final
Judicial rulings, such as the
widespread Ninth. cir. ruling in
this concise case!

(7) capacity defendant, BERKLEY
CONRAD, acts in his official
capacity as an official supervisor
over a large numeration of police
officer's of the city of Helena
Police department, and is
charged by statute in which to
enforce any and all Legislations,

(5)

State and federal, including
any final judicial rulings!

## NATURE OF THE CASE

(8) This concise case and its
plausibility rises in a federal
judicial challenge against
joint defendant's, as to a clear
Ninth cir. ruling as to the
constitutional protections of
any homeless citizen sleeping
upon a city sidewalk, or within a
city park, as is clearly supported,
and authorized by two federal
court cases; (a) Garcia, v. city of
Los Angeles, and in the Idaho
federal court matter of; (b)
Martin, v. city of Boise, with a
clear court stipulation that
providing that a homeless party
obtains no other option of any
other place to sleep, then the

(6)

ruling is most clear that a homeless citizen found sleeping upon a city sidewalk, or within a city park most certainly cannot be criminalized or cited for such new constitutional Liberty, and both the United States District court in Idaho, and in California went as far as to rule that forcing a citizen to depart fum sleeping upon a public city sidewalk or within a city park does in fact rise as cruel and unusual!!!

(9) This concise case is further authorized by 42 U.S.C.§ 1983.

(10) KELLY, here meets the Legal threshold in which to suffice a civil preliminary injunction here based upon the following:

(7)

(A) The clear threat of irreparable harm to the moving party, here KELLY, where if soon charged and arrested for an act clearly prohibited by the Ninth Cir. ruling, then KELLY, would most certainly be a subject of severe and irreparable harm, where he would in fact be prosecuted upon the criminal aspects of Law, and very possibly convicted by a jury as to the violation of a local city ordinance, where this federal courts protection is sincerely needed by Plaintiff KELLY, in clear enforcement of the Ninth cir. ruling stipulating that a person now cannot be criminalized for sleeping upon a city-sidewalk, or within a city park, where the Ninth cir. further upheld that such penalty does in fact exists as cruel and unusual punishment !!! This is supported by, martin, VS. city city of Boise, and is further

( 8 )

Supported by the firm Ninth cir ruling in; Janet Garcia, vs. city of Los Angeles!

(B) The weight of harm as is compared to any injury an injunction would inflict upon other interested parties such as defendant's, in this case, where here a mere preliminary injunction would clearly protect Plaintiff KELLY, as to his clear rights provided by the Ninth circuit, and a preliminary injunction as such here in this specific case would most certainly not harm the city of Helena Police department, where a clear and firm Ninth cir. ruling is already in place, therefore there is no plausible question as to this concise matter, and would not cause the city of Helena any unreasonable harm; (C) here the plausible probability

(9)

that the moving party, (KELLY)
here in this matter will
clearly succeed upon the
merits, where again here
this specific case is so
"plausible", and a clear
"cognizable Legal theory is
drawn", where this federal
action has already been clearly
determined and ruled upon
by the Ninth circuit, where
the ruling is firm and non-
flexible stipulating that
in any event that a homeless
citizen in fact obtains no
other place to sleep or to
camp, then during such time
at which they are sleeping
upon a city sidewalk, or even
so much as camping within
the confines of a city park,
then any Law enforcement
personnel are clearly prohib-
-ited pursuant to the Ninth

(10)

cir. ruling, from removing, or forcing by threat of arrest, and of criminal prosecution, any party sleeping upon a city sidewalk, or for camping with bulky items such as a tent, within a city park, and the Ninth cir. made most clear that the cities anti-camping ordinance is in fact unconsti-tutional!!! A clear Eighth Amendment violation was in fact asserted by the Ninth cir! (KELLY), is entitled to a civil preliminary injunction here, where he clearly meets the legal threshold supported by, "[Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8ᵗʰ cir.1981).

(D) This case meets the criteria of a clear public interest !!!

(11)

## JURISDICTION AND VENUE

(11) This federal court obtains subject matter jurisdiction pursuant to 42 U.S.C. § 1983.

(12) This federal court obtains further subject matter jurisdiction pursuant to a Ninth cir. ruling!!

(13) This federal court case is further authorized by: (a) Martin, v. city of Boise, and, (b) Garcia, v. city of Los Angeles, both a ruling of the Ninth cir.

(14) Governmental defendant's city of Helena Police department is charged by federal statute in which to

(12)

enforce and to comply with
any federal ruling, such as any
Ninth cir. ruling, which is
already in place !!!

(15) The city and its Law
enforcement personnel are in fact
state actor's, and act under
color of Law !

(16) capacity defendant, chief of
police, Brett Petty, is in fact an
official State actor, and acts
under color of Law.

(17) capacity defendant, Berkley
Conrad, is in fact an official
state actor, and acts under color
of Law !

(18) Venue is proper in the
District of Montana because each
event giving rise to this action
accrued in the District of
Montana. 28 U.S.C. § 1391.

## STATEMENT OF FACTS

(19) During early August - 2022, the defendant's, Police chrief, Brett Petty, did in fact direct captain Corey Bailey, of the city of Helena Police department to make clear note to plaintiff KELLY, that despite a Ninth cir. ruling, that pursuant to a local city of Helena (anti-camping ordinance that KELLY, was still yet prohibited from sleeping upon a Helena city sidewalk, and that KELLY, was further prohibited from sleeping within a Helena city park, and captain Bailey, ensured KELLY, that at the direction of chief of police, Brett PETTY, that KELLY, would clearly be arrested and in fact prosecuted by the city, in the event that he is found either sleeping upon a Helena city sidewalk, or within a Helena city park !!!

(14)

(20) At the direction of police chief, Brett Petty, captain Corey Bailey, articulated to KELLY, that chief Petty, quoted the following quotes as to the federal Ninth cir. ruling: (A) We are a city Law enforcement agency and are not required to comply with any federal rulings, (Solely city, county, or State courts), (B) chief Petty, clearly quoted that this specific ruling of the Ninth cir., concerning a homeless person sleeping upon a city Sidewalk, or Sleeping within a city park, was only for Idaho, and California! (C) chief Petty, clearly quoted that the way the streets are in California, and in Idaho, with persons sleeping all over the Sidewalks, and within their city parks, will not happen in our clean city of Helena, and, (D) chief Petty, clearly quoted that; we run the Sidewalks, and parks in Helena, and not the Ninth circuit !!!

(21) The concise and actual events commenced on AUGUST-16th, 2022, upon such time at which Plaintiff KELLY, were in fact sleeping upon a Helena city sidewalk on cruise Avenue, not blocking the sidewalk what so ever, where two police officer's of the city of Helena Police department approached KELLY, and both officer's yelled at KELLY, to rise up, and kicked KELLY, with a harsh kick striking KELLY, upon his leg and feet area continuous until KELLY, rose and in compliance departed, where KELLY'S constitutional rights have here been violated upon two aspects of cruel and unusual, (a) kicking KELLY, numerous times with a harsh strike to his leg, and to his feet, (b), and in accordance with the clear Ninth cir. ruling, (cruel and unusual also exists here where KELLY, was in fact forced to awake, and to depart where has was in fact sleeping upon a city sidewalk, where KELLY, made most clear to both officer's, that her KELLY, in fact obtained no other option, and no other place to sleep!!!

(16)

(22) On the concise evening of August - 17th, 2022, KELLY, had in fact posted up a small camping tent within the confines of the Womens park in Helena, after ofcourse KELLY, in fact inquired with an A.C.L.U. attorney as to the clear meaning of the Ninth Cir. ruling as to camping within the confines of any city park with BULK items such as a tent, as the A.C.L.U. attorney did in fact confirm to KELLY, that under new Law, clearly defined by the Ninth Cir., that he could very well camp in a tent within a city park and do so without any interference, harassment, being cited, or even arrested by Law enforcement!!!

(23) Now in severe violation of the Fourth Amendment, defendant, BERKLEY conrad, of the city of Helena Police department, arrived during the early morning hours on August - 18th, 2022, and removed KELLY'S, tent in severe violation of the Ninth Cir. ruling as to

the aspects of BULKY items!

(24) Defendant, Conrad, further removed and seized KELLY'S, cardiac medication, and refused to return KELLY'S, sincerely needed cardiac medication, as defendant, Conrad, held KELLY'S, medication directly in front of KELLY, and quoted to KELLY, is this what you need, and then quoted to KELLY, its mine now!! This also should be ruled as cruel and unusual!!!

(25) Now and to date, numerous officer's of the city of Helena Police department, has again, removed Plaintiff KELLY'S, new tent's three additional times, and if such same acts are continued, then irreparable harm will be effected upon KELLY, and will create a hardship upon KELLY, in which to gain access to a new tent every time!!! God's Love Shelter in Helena has now made most clear to KELLY, that their agency cannot afford to provide KELLY, with any additional tent's! An emergency need for an

injunction suffices here!
, KELLY, further now asserts those
concise dates and events sufficing
a plausible claim!

(26) A few days forward, on
August, 22nd, 2022, Plaintiff KELLY,
was in fact camping within the
confines of his new tent at a
Location close to the Helena
Target department store in a city
grass area on Montana avenue, and
while away for a brief window of
time in which to access water
and food, three officer's from the
city of Helena Police department
arrived and removed/seized KELLY's
tent, where upon KELLY's return,
KELLY, clearly noticed the
officer's taking down his tent,
and one of the officer's made
clear to KELLY, that his tent
was in fact being seized by H.P.D,
however, this is in severe violation
of the clear Ninth cir. ruling,
and in further violation of the
Fourth Amendment! one of the
officer's was in fact Supervisor
Sgt. Berkley conrad, where Sgt.

(19)

Conrad, clearly directed the
two other officer's to remove,
and zeize KELLY'S tent! The Ninth
cir. made clear that this
concise activity at the hands of
Law enforcement is now
unconstitutional, and violates
the Eighth Amendment protect-
-ions under cruel and unusual!
(The Ninth cir. Panel affirmed
the United States District courts
preliminary insuration prohibit-
-ing the city of Los Angeles
from discarding homeless indivi-
-duals "BULKY items" that are
in fact stored in Public areas!!
BULKY items, such as a tent in
this case!! (See copy of Ninth cir.
dictation - Exhibit - A. (The city's
argument was not persuaded by the
Ninth cir., that the notice
procedures would flow automatically
to the provision upon severance.
(see copy of Ninth cir. dictation-
Exhibit - B. (Face page of Ninth cir.
opinion - attached here as
Exhibit - C.

(20)

(27) The next following day-on
August, 23rd, 2022, Plaintiff KELLY,
had in fact posted up a new tent
up in a grass area at the concise
Location of Last chance Gulch,
within the city Limits of
Helena, upon Such time at
which defendant, Sgt. Berkley
Conrad, arrived and directed KELLY,
to Stand far away from his own
tent, (a BULKY item), where
defendant-Sgt. conrad, commenced
into Kicking KELLY'S tent, and
destructed it, and then directed
KELLY, to remove the remaining!
This act does in fact ViOLate the
Ninth cir. rulings! KELLY, advised
conrad, of the clear Ninth cir.
ruling that further enforcement
of the city's anti-camping
ordinance was in fact prohibited
as "unconstitutional", however,
defendant conrad, quoted to KELLY,
"[the Helena police department
has its own policy, and we are
not going to play that game!

(28) The next following day-on August, 24th, 2022, Plaintiff KELLY, posted up a tent in a grass area on 11th Avenue in Helena, where defendant Conrad, arrived and instructed three other attending city officer's, to remove and to seize, as Conrad quoted it, and Conrad, made most clear to KELLY, that during any other event of posting a tent within the city of Helena, or for KELLY, to be even so much as sleeping upon a Helena city sidewalk in violation of the city's anti-camping ordinance, that he/ Conrad would in fact place KELLY, under arrest, however, the Ninth Cir. made clear that a homeless citizen now in Light of the ruling cannot be criminalized for camping with a BULKY item within a city! This is a widespread ruling, and covers all city's !!!

(22)

## CLAIM ONE

(29) The Ninth cir. ruling here in despute is clear that a homeless citizen cannot be criminalized for the cause of sleeping upon a city sidewalk, or within a city park!!! The ruling is firm and (non flexible), provided that the homeless citizen obtains no other option, or any other place to speep!

## CLAIM TWO

(30) Pursuant to a Ninth cir ruling, a homeless citizen sleeping upon a city sidewalk, or within a city park, cannot be forced to depart by Law enforce- ment, supported by cruel and unusual, as decined by the Ninth cir.

## CLAIM THREE

(31) Plaintiff KELLY'S, constitutional rights were in fact violated at the hands of joint defendant's, where they most unlawfully removed and seized his tent's, considered a bulky item by the Ninth cir. ruling!! Plaintiff's Fourth Amendment rights were clearly violated by joint defendant's, as to an act of unlawful seizure!!!

## CLAIM FOUR

(32) certain defendant's, of the city of Helena Police department, (two officer's), effected cruel and unusual treatment/punishment upon KELLY, where they kicked him causing physical injury upon him in severe violation of the Eighth Amendment!!

(24)

## CLAIM FIVE

(33) Defendant, Helena Police chief, Brett Petty, put in place a city police department admn. order, directing all officer's, to enforce a Helena city ordinance of anti-camping, in severe violation of the Ninth cir. ruling, where chief Petty's directive did in fact result into irreparable harm upon KELLY, where his tent's/a bulky item was in fact seized, and removed by H.P.D. officer's!!

WHEREFORE, upon the premises considered, it is respectfully requested upon this honorable court for the entry of a civil judgement as follows:

(A) Enter declaratory judgement finding that defendant's, are in severe violation of the clear and firm Ninth cir. ruling, and

(25)

that defendant's, jointly, are to date, and are still continuing to "[interfere]" with the firm and non-flexible ruling of the Ninth circuit in both above cases!!!

(B) Enter a preliminary injunction enjoining all joint defendant's, from continuing to enforce a now unlawful city anti-camping ordinance, in this courts enforcement of the clear Ninth cir. ruling!

(C) Find this civil complaint plausible upon its face!

(D) Find that a clear cognizable legal theory has been asserted here where this Hon. court can in fact draw a reasonable infere--nce upon which injunctive relief may be granted.

(26)

(E) This Hon. court to fine a suitable financial amount against joint defendant's, SOLELY for this courts purpose, to be paid directly to the clerk's office, in result of a clear and intentional violation of the Ninth Cir. ruling!!!

(F) Charge joint defendant's, with this courts filing fee of $400.00, at which were most likely originally waived in light of plaintiff's In Forma Pauperis status!

     I Declare under penalty of perjury the foregoing to be true and correct.

     Signed this **6**th, Day of September, 2022.

     Stephen P. Kelly
     (SIGNATURE OF PLAINTIFF)

(27)